IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CATHERINE WADE MULLEN,
     Plaintiff,

v.                             Case No. 3:12cv499/MCR/CJK

JAMES H. MULLEN,
     Defendants.

_____

## REPORT AND RECOMMENDATION

     Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint pursuant to 28 U.S.C. § 1331. (Doc. 5). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that the complaint should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

     Plaintiff is seeking enforcement of a judgment for child support in excess of $20,277.83, issued by the Circuit Court of the First Judicial Circuit In and For Escambia, County. (Doc. 5, pp. 1-2). Plaintiff's former husband, the defendant James Mullen, purportedly resides in Tyler, Texas. (Doc. 5, p. 1). Plaintiff originally sought to enforce the circuit court judgment under 18 U.S.C. § 228, a criminal statute aimed at prosecuting "deadbeat" parents. In the amend order, the court advised her that a private citizen does not have the right to bring a criminal prosecution against another. (Doc. 4, p. 3). The court also cautioned the plaintiff that her Fourteenth

Amendment due process claim was not viable because the defendant is a private party, not a government actor. (Doc. 4, p. 3). In her amended complaint, the plaintiff deleted her cause of action originating from 18 U.S.C. § 228, and instead sought to enforce the state court judgment under the "Uniform Interstate Family Support Act 1996 §§ 101 to 905 [sic]." (Doc. 5, p. 1). Similar to the original complaint, plaintiff again claimed that her Fourteenth Amendment due process rights were violated by the defendant. (Doc. 5, p. 1).

DISCUSSION

As plaintiff is proceeding *pro se*, the court must read her allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Turning to plaintiff's underlying Fourteenth Amendment due process claim, the court has previously cautioned in it's amend order that to the extent plaintiff is alleging that defendant's failure to pay child support violates her due process rights, she fails to state a plausible claim because the defendant is a private party, not a government actor. In order to prevail in a civil rights action under § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or federal law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id*. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State

has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted).

In the instant case, even liberally construing plaintiff's allegations, they do not remotely suggest the kind of action that would subject this private party defendant to § 1983 liability as a "state actor." Apart from that issue, the court also notes that plaintiff has not alleged any facts that would demonstrate a plausible due process claim against the defendant. Therefore, plaintiff's claim regarding due process violations on the part of the defendant, must be dismissed.

Examination of plaintiff's second cause of action, enforcement of the Uniform Interstate Family Support Act ("UIFSA"), reveals a jurisdictional problem. The jurisdiction of the federal courts is limited by the scope defined by the Constitution and by statute. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." (*quoting Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994))); *In re Carter*, 618 F.2d 1093, 1098 (5th Cir. 1980). Subject-matter jurisdiction is a threshold inquiry that the court must consider before addressing the merits of any claim. *See Fitzgerald v.*

*Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). The court's subject-matter jurisdiction should be raised *sua sponte* at any point in the litigation when a doubt about jurisdiction arises. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising issue of subject-matter jurisdiction where neither party challenged federal jurisdiction). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

In this case, the plaintiff is claiming jurisdiction in part because of the UIFSA. (Doc. 5, p. 1). The UIFSA, however, is not a federal law, but is instead a model proposed state law which the federal government incentivizes[1] the states to adopt by state statute. As a result, the plaintiff asserts jurisdiction under a state law and federal question jurisdiction is inapplicable. *See Feldstein v. Hawai'i, Dept. of Atty. Gen., Child Support Enforcement Agency*, No. 11-00420 LEK-KSC, 2011 WL 3156653, at *3 (D. Haw. July 25, 2011) ("[T]he [UIFSA] itself is not a federal law, but a model state law . . . . Neither the [UIFSA] nor the federal statutes encouraging states to adopt it create a private right of action to litigate child support obligations in federal court.") (citations omitted); *Robinson v. Pabon*, No. 3:01CV1397(WWE), 2002 WL 32136677, at *1 n.1 (D. Conn. Jan. 2, 2002) ("The [UIFSA] is not a federal statute. Instead, it is a model statute drafted by the National Conference of Commissioners on Uniform State Laws. UIFSA has been adopted by the legislatures of all fifty states, as a requirement of the Welfare Reform Act of 1996.") (citations omitted);

---

[1] "[I]n order to receive certain federal funds related to child support enforcement, states must adopt the [UIFSA], which requires a state to enforce another state's child support order . . . ." *United States v. Kerley*, 416 F.3d 176, 180 (2d Cir. 2005) (citations omitted).

*Nunnery v. Florida*, 102 F. Supp. 2d 772, 776 (E.D. Mich. 2000) ("Upon conducting an independent review of this issue, it is apparent that [UIFSA and Revised Uniform Reciprocal Enforcement of Support Act] are *not* federal laws but instead model state laws, versions of which have been enacted by the various states . . . . This Court has researched the case law involving state enactments of the model UIFSA and [Revised Uniform Reciprocal Enforcement of Support Act] and finds absolutely no precedent for the exercise of federal jurisdiction where these two state statutes are involved.") (citations omitted). Accordingly, federal question jurisdiction in this instance is inappropriate.

Opportunity to amend has been given, and plaintiff has attempted to set out a claim based upon federal question jurisdiction. She has not chosen to plead under diversity jurisdiction, and for this reason the court will not engage in a detailed discussion of the domestic relations exception to diversity jurisdiction. *See e.g.*, *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988) ("[T]he federal judiciary has traditionally abstained from deciding cases concerning domestic relations."). In *Ingram*, the Eleventh Circuit upheld dismissal of a child support claim, still subject to the jurisdiction of the state courts. *Id.* at 370. The Eleventh Circuit upheld dismissal of the claim in *Ingram*, because "[Plaintiff's] arrearage claim would require the district court to decide the propriety of the Alabama court's 1986 order, necessitating the court's involvement in the parties' domestic affairs. Thus, the district court properly dismissed this claim." *Id.* In upholding jurisdiction over the declaratory relief claim in *Ingram*, however, the Eleventh Circuit noted such a claim did not present the danger that "the federal court would necessarily become enmeshed in the domestic factual disputes." *Id.* at 372. Simply put, the present claim seeks

collection of overdue child support based upon a state court decree. *See Nunnery*, 102 F. Supp. 2d at 776 (declining to issue an order directing the defendant to pay monies due under a Michigan support order because the court lacked jurisdiction under UIFSA). Plaintiff's own language indicates the likelihood that the court would be forced to adjudicate a domestic dispute between the parties regarding who must pay for certain expenditures or the obligations of the respective parties under the divorce decree. Although undoubtedly of utmost importance to plaintiff, this sort of claim is completely tied up with the ongoing domestic dispute in state court, or courts.[2]

The undersigned further notes that it is not at all clear that plaintiff is even seeking a money judgment. She asks for a show cause order from this court requiring defendant to demonstrate why he should not be required to pay the alleged child support arrearage, as well as "all general equitable relief . . . ." (Doc. 5, p. 3). It appears from the complaint, that plaintiff is seeking from the court some sort of contempt order compelling her husband into paying his past support obligations. The underlying purpose of the UIFSA and its intended application, recognized that the states, through their traditional role in domestic affairs, were in the best position to cooperate with each other in enforcement and adjudication of these domestic relations matters.[3] *See Nunnery*, 102 F. Supp. 2d at 776 ("The UIFSA 'was developed . . . to create uniformity in the interstate child support proceedings, and thereby foster greater consistency and efficiency in the enforcement of child support cases.'"

---

[2]Although it is not clear from the pleading whether Texas enforcement is ongoing, plaintiff has served her pleading on the "Tyler Child Support Unit" in Tyler, Texas. (Doc. 5, p. 3).

[3]The undersigned also notes that plaintiff has claimed no cause of action or remedy that is not traditionally available in state court.

(*quoting* John J. Aman, *Uniform Interstate Family Support Act Has Made Extensive Changes in Interstate Child Support Cases*, N.Y. B. J. 12 (2000))).

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's claims be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted, and under 28 U.S.C. § 1331, for want of subject-matter jurisdiction.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 19th day of November, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).